IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01976-BNB

JOSEPH VIGIL,

    Plaintiff,

v.

MORGAN, Bent County Correctional Facility Correctional Officer,
DOUG ROBERTS, Bent County Correctional Facility (Private Prison Monitor Unit -
    Medical),
JOHN DOE, CCA (Corrections Corporation of America),
RAY RICE, Nurse (Employee/Contractor of CDOC),
DEPRIEST, Case Manager (Employee of CDOC),
MAURICE FAUVEL, Dr. (Employee/Contractor of CDOC),

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Joseph Vigil, is in the custody of the Colorado Department of Corrections (CDOC) and is incarcerated at the Fremont Correctional Facility. Mr. Vigil initiated this action by filing *pro se* a Prisoner Complaint.

    On July 25, 2013, Magistrate Judge Boland reviewed the Complaint and determined that it was deficient because the claims against the Denver Reception and Diagnostic Center, a CDOC facility, were barred by the Eleventh Amendment. Magistrate Judge Boland further instructed Mr. Vigil that he could not maintain a claim against the Denver Sheriff's Department under § 1983 and that the Complaint did not allege facts to show that a policy or custom caused the alleged constitutional deprivation, so as to hold Denver County liable under § 1983. Finally, Magistrate Judge

Boland informed Plaintiff that the Complaint failed to allege the personal participation of each individual Defendant in an alleged violation of his constitutional rights. Magistrate Judge Boland ordered Mr. Vigil to file an amended complaint within 30 days of the July 25, 2013 Order. After obtaining an extension of time, Mr. Vigil filed his amended complaint on September 3, 2013. [Doc. # 9].

Mr. Vigil has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915 (2011). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Vigil is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court will dismiss the Amended Complaint, in part.

Mr. Vigil alleges in the Amended Complaint that beginning in July 2012, he suffered rectal bleeding due to hemorrhoids and severe pain for approximately eight months before he finally received surgery. He alleges that Defendant Morgan refused to contact the medical department after Plaintiff complained of bleeding. He further alleges that Defendants Roberts, Fauvel and Rice refused to treat his bleeding hemorrhoids or his serious pain. Plaintiff alleges that Defendant DePriest, his case manager, ignored his kites requesting grievance forms for five weeks. Mr. Vigil asserts

that he has permanent damage to his rectum as a result of the delay in medical care. Plaintiff requests monetary and injunctive relief.

Mr. Vigil cannot maintain a § 1983 claim against Defendant DePriest, his case manager, because he fails to allege facts to show that DePriest personally participated in a deprivation of his constitutional rights. Plaintiff was warned by Magistrate Judge Boland in the July 25 Order that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).

In the Amended Complaint, Mr. Vigil alleges that Defendant DePriest refused to give him grievance forms over a period of five weeks, but he does not allege any facts to show that Defendant DePriest was personally involved in the alleged denial of adequate medical care. Furthermore, there is no independent constitutional right to state administrative grievance procedures. *See Boyd v. Werholtz*, No. 10-3284, 443 F. App'x 331, 332 (10th Cir. 2011 (unpublished) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994)). And the state's voluntary provision of an administrative grievance process does not create a liberty interest in that process. *See Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir.2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (per curiam) ("A prison grievance

3

procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest . . . ." (quotation and brackets omitted)). Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam). Because the asserted refusal to provide Plaintiff with grievance forms does not implicate a Constitutional right, Defendant DePriest is an improper party to this action and will be dismissed.

Finally, Mr. Vigil cannot maintain a § 1983 claim against the John Doe Defendant, whom he identifies as a supervisory official at the Corrections Corporation of America located in Nashville, Tennessee. Mr. Vigil alleges that the John Doe Defendant "failed to allow proper medical care to be given to me [and] implemented a system that limits care as much as possible." [Doc. # 9, at 2]. Magistrate Judge Boland warned Mr. Vigil in the July 25 Order that a supervisor defendant cannot be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Instead, a supervisor is only liable for a constitutional violation that he or she has caused. *See Richardson*, 614 F.3d at 1199. Here, Plaintiff does not allege any specific facts to show an affirmative link between the alleged denial of adequate medical care the John Doe Defendant's participation, control or direction, or failure to supervise. *Id.* at 1200-1201 ("[Defendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan

4

or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Accordingly, Defendant John Doe will be dismissed as an improper party to this action.

The Court will not address at this time the merits of Plaintiff's § 1983 claims against Defendants Morgan, Roberts, Rice, and Fauvel. Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 40.1A because the Court has completed its review pursuant to 28 U.S.C. § 1915(e)(2). Accordingly, it is

ORDERED that Defendants DePriest and John Doe are DISMISSED for lack of personal participation in the alleged constitutional deprivation(s). It is

FURTHER ORDERED that the claim(s) against Defendants Morgan, Roberts, Rice and Fauvel shall be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 40.1A.

DATED at Denver, Colorado, this  6th  day of      September      , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court