IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01976-WJM-MJW

JOSEPH VIGIL,

Plaintiff(s),

v.

BENT COUNTY CORRECTIONAL FACILITY CORRECTIONAL OFFICER (First name unknown) MORGAN,
BENT COUNTY CORRETIONAL FACILITY (Private Prison Monitor Unit) MEDICAL DOUG ROBERTS,
NURSE RAY RICE (Employee), Contractor of CDOC, and
DR. MAURICE FAUVEL, (Employee) (Contractor of C.DOC.),

Defendant(s).

---

## RECOMMENDATION ON
## MOTION TO DISMISS FROM DEFENDANT MORGAN (Docket No. 18)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was referred to this court pursuant to an Order Referring Case issued by Judge William J. Martinez on September 9, 2013 (Docket No. 12).

The operative pleading is the Second Amended Prisoner Complaint (Docket No. 23) which is brought pursuant to 42 U.S.C. § 1983. In that pleading, plaintiff alleges Eighth Amendment claims for inadequate and/or delayed medical care for hemorrhoids and back pain.

Now before the court for a report and recommendation is a Motion to Dismiss from Defendant Morgan (Docket No. 18), which was filed with respect to the Amended Complaint. However, after the plaintiff was granted leave to file the Second Amended

Complaint (Docket No. 23), defendant Morgan filed a Notice (Docket No. 29) in which he asked the court to accept his motion to dismiss (Docket No. 18) as responsive to the Second Amended Complaint.  That request was granted, and plaintiff was directed to file a response. (Docket No. 30).  Plaintiff timely filed a Response (Docket No. 31), and defendant Morgan timely filed a Reply (Docket No. 33).  The court has carefully considered these motion papers as well as applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court file.  The court now being fully informed, makes the following findings, conclusions of law, and recommendation that the motion to dismiss be granted.

Defendant Morgan moves to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) plaintiff does not allege any personal participation by Morgan in the alleged inadequate medical treatment, and (2) plaintiff failed to allege or provide evidence of exhaustion of administrative remedies as to the claim against Morgan.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  <u>Cutter v. RailAmerica, Inc.</u>, 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide

the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).  The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'"  Id.  The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'"  Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo.,

4

154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id. at 1191.

Since the plaintiff is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

"[P]risoners have an Eighth Amendment right to adequate medical care . . . ." Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001). "In keeping with the principle that government officials are generally afforded wide latitude when fulfilling their discretionary functions, . . . however, in cases where prisoners allege that inadequate or delayed medical care violated their Eighth Amendment rights, it has been established that '[p]rison officials violate the Eighth Amendment [only] when they are deliberately

5

indifferent to the serious medical needs of prisoners in their custody.'" Id. "[T]he Constitution is only implicated in situations in which prison officials act purposefully to impose unnecessary pain on an inmate; 'inadvertent' denials of care or negligent diagnosis or treatment does not rise to the level of an 8th Amendment violation." Ajaj v. Federal Bureau of Prisons, 2011 WL 902440, at *16 (D. Colo. Mar. 10, 2011). To plead an Eighth Amendment claim of deliberate indifference to medical needs, "an inmate must allege: (i) that he suffered from a serious medical need–that is, one that has been diagnosed by a medical provider as requiring treatment or one which even a lay person would easily recognize as requiring medical attention; and (ii) the Defendant was subjectively aware of that need and that failing to treat it would pose an excessive risk to the inmate's health or safety, but nevertheless elected to delay or deny treatment for it." Id. "The subjective component requires an examination into the defendant's actual state of mind. To satisfy this element, the inmate must plead facts that show that the defendant both 'actually knew of' and 'deliberately disregarded' the fact that the inmate was suffering from a serous medical need." Id.

Furthermore, "[a] delay in medical care 'only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm.'" Kneen v. Zavaras, 2012 WL 5493854, at *11 (D. Colo. Nov. 13, 2012) (quoting Oxendine, 241 F.3d at 1276). Substantial harm includes "lifelong handicap, permanent loss, or considerable pain." Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001). In addition, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997).

6

Here, defendant Morgan asserts that plaintiff did not allege that Morgan had any personal participation in the determination of whether to provide plaintiff with adequate medical treatment.  In fact, plaintiff alleges only a single factual allegation relating to Morgan consisting of plaintiff's claim that Morgan refused to call the medical unit upon request by plaintiff, but plaintiff admits he got to medical following the request.  Morgan asserts that all he could have done was get plaintiff to medical, and since plaintiff got to medical following his request to Morgan, no claims exists.

This court recommends dismissal of the claim against Morgan.  The Complaint alleges only one alleged incident involving Morgan.  Plaintiff alleges that his rectal bleeding began in July 2012.  On one occasion two months later in September 2012, plaintiff attempted to declare an emergency visit to medical for bleeding and inflamed hemorrhoids, but Morgan did not call the medical department at that time.  Later that day plaintiff thus snuck out of the unit to go to a shift commander to have the call made to medical care.  With respect to that alleged incident, plaintiff has not alleged that the very brief delay in his receipt of medical care at that time resulted in the required "substantial harm."  Therefore, he has failed to state an Eighth Amendment claim against Morgan. See Long v. Blackwell, 1994 WL 20656, at *1 (8th Cir. Jan. 28, 1994) (delay of a few days in providing treatment for hemorrhoids did not constitute deliberate indifference); Barr v. Delo, 1993 WL 358474, at *1 (8th Cir. Sept. 17, 1993) (inmate did not allege any facts to indicate his hemorrhoid condition was aggravated by the delay of seven days); Youngblood v. Glasser, 2012 WL 4051846, at *8 (N.D.N.Y. Aug. 22, 2012) (Inmate alleged defendants refused to allow him to participate in emergency sick call to address his complaints of bleeding hemorrhoids.  Five-day delay in arranging for a

7

physician to examine his hemorrhoids was not sufficient to establish an Eighth Amendment claim. "Generally speaking, hemorrhoids do not constitute a serious medical condition, the delay in treatment of which would amount to a constitutional violation.") (citing cases); Farris v. Murrey, 2010 WL 4272867, at *5 (C.D. Calif. June 25, 2010) (dismissal for failure to state a claim when inmate alleged at best a delay of a few hours in obtaining medical care for his bleeding hemorrhoids); Jones v. Polzin, 2006 WL 2457396, at * (D. Minn. Aug. 23, 2006) ("rectal bleeding, from a hemorrhoid . . . is not uncommon. . . . Plaintiff's allegation that Defendant was contacted and refused to provide immediate treatment that night does not, standing alone, suggest a culpable state of mind."). While plaintiff asserts in his Response (Docket No. 31) that he has permanent damage to his rectum, plaintiff alleges no facts in his pleading that attribute such damage or any other substantial harm to the very brief delay in treatment on that one occasion instead of being the result of the alleged ineffectual care over time which is also claimed in the pleading as against other defendants.

Morgan also asserts that dismissal of the claim against him is warranted as a result of the plaintiff's failure to allege or show that he exhausted his administrative remedies with respect to such claim. There is no merit to this argument. The "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). As an affirmative defense, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007). Morgan cites Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1212 (10th Cir. 2003), in support of his

8

argument that plaintiff was required to plead and provide evidence of exhaustion. <u>Steele</u>, however, was abrogated by <u>Jones</u> over seven years ago. <u>Jones</u>, 549 U.S. at 216.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion to Dismiss from Defendant Morgan (Docket No. 18) be **granted**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: May 27, 2014       s/ Michael J. Watanabe
        Denver, Colorado      Michael J. Watanabe
                                       United States Magistrate Judge